UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
MICHELLE M.,

                        Plaintiff,          <u>DECISION AND ORDER</u>
                                            1:25-CV-05790-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

    In March of 2017, Plaintiff Michelle M.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications.  Plaintiff, represented by Ny Disability, LLC, Daniel Beger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

    This case was referred to the undersigned on April 21, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 19). For the following reasons, Plaintiff's motion is due to be granted, and this case is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on March 28, 2017, alleging disability beginning October 24, 2013. (T at 10, 341, 342).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on May 28, 2019, before ALJ John Aletta. (T at 292-324).  ALJ Aletta denied the applications in a decision dated June 12, 2019. (T at 10-26).  After the Appeals Council denied her request for review (1-4), Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review.  The case was remanded for further proceedings by stipulation of the parties on November 18, 2021. (T at 989-991).

A second administrative hearing was held before a new ALJ, Raymond Prybylski, on July 7, 2023. (T at 945-64).  ALJ Prybylski issued a decision denying the applications on September 20, 2013. (T at 1002-

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

1016).  The action was again remanded for further proceedings by stipulation of the parties on June 17, 2024. (T at 2351-2352).

Another hearing was held before ALJ Prybylski on January 14, 2025. (T at 1017-49).

*B.    ALJ's Decision*

On April 9, 2025, ALJ Prybylski issued a decision denying the applications for benefits. (T at 2293-2310).  The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2014 (the date last insured) and had not engaged in substantial gainful activity since October 24, 2013 (the alleged onset date). (T at 2299).

The ALJ concluded that Plaintiff's degenerative disc disease of the cervical and lumbar spines, degenerative joint disease with meniscal tear, obesity, depressive disorder, and anxiety disorder were severe impairments as defined under the Act. (T at 2299).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 2300).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light

work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can never climb ladders, ropes, or scaffolds; never kneel or crawl; occasionally climb ramps and stairs; and occasionally crouch. (T at 2302). The ALJ also found Plaintiff limited to performing simple tasks with no more than occasional decision-making and concluded that she can tolerate no more than occasional interaction with the public, coworkers, or supervisors. (T at 2302).

The ALJ noted that Plaintiff had no past relevant work. (T at 2308).

Considering Plaintiff's age (43 on the alleged onset date), education (limited), work experience (no past relevant work), and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 2308).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between October 24, 2013 (the alleged onset date) and April 9, 2025 (the date of the ALJ's decision). (T at 2310).

ALJ Prybylski's second decision is considered the Commissioner's final decision. *See* 20 CFR § 404.984.

## C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on July 15, 2024. (Docket No. 1).  On December 22, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 19, 20).  The Commissioner interposed a brief in opposition to the motion on February 25, 2026, requesting judgment on the pleadings. (Docket No. 22).  On March 10, 2026, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 26).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.   Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last

for a continuous period of not less than 12 months ....”  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.  Plaintiff also contends that the ALJ failed to adequately develop the record and recognize limitations arising from certain of her impairments.

### A.  Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017.

*See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations

9

presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

The Court will consider the evidence related to Plaintiff's mental and physical functioning in turn.

### 1. Mental Functioning

Dr. Fredelyn Engelberg performed a consultative psychiatric evaluation in June of 2017.  She diagnosed bipolar disorder (unspecified) and anxiety disorder (unspecified). (T at 369).  Dr. Engelberg opined that Plaintiff could understand, remember, and apply simple directions and instructions; was moderately impaired with respect to complex directions and instructions; had mild limitation in using reason and judgment to make work-related decisions; was mildly impaired as to social interaction; had mild limitation with respect to sustaining concentration, performing at pace, and sustaining a consistent routine and regular attendance; and was mildly impaired with respect to regulating emotions, controlling behavior, and maintaining well-being. (T at 639).

In October of 2024, Wendy J. Peguero, LMSW, completed a medical source statement.  She reported that she treated Plaintiff once per month

and diagnosed depression, anxiety, post-traumatic stress disorder, and bipolar II disorder. (T at 2823). Ms. Peguero opined that Plaintiff would be absent from work more than 3 times per month due to her impairments or treatment. (T at 2824). She assessed marked impairment as to Plaintiff's ability to meet essentially all the mental demands of basic work activity. (T at 2825-26). Ms. Peguero described Plaintiff as having moderate limitation in her activities of daily living and social functioning; experiencing frequent deficiencies of concentration, persistence, and pace; and having episodes of deterioration or decompensation in work or work-like settings. (T at 2826).

As noted above, the ALJ recognized Plaintiff's depressive disorder and anxiety disorder as severe impairments and found Plaintiff limited to, but capable of, performing simple tasks, requiring no more than occasional decision-making and occasional social interaction. (T at 2299, 2302).

In reaching this conclusion, the ALJ found Dr. Engelberg's opinion persuasive and considered Ms. Peguero's assessment unpersuasive. (T at 2306-2308).

The Court finds the ALJ's assessment of Plaintiff's ability to meet the mental demands of basic work activity is supported by substantial evidence and is consistent with applicable law.

11

First, the ALJ relied on a reasonable reading of the record, noting that while Plaintiff consistently reported symptoms of depression and anxiety, the documented findings of mental status examinations were generally unremarkable. (T at 1493, 2504, 2726, 3620, 3766, 3839, 3889-90).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Second, the ALJ's decision is supported by Dr. Engelberg's consultative examination, which found mild to moderate limitation in Plaintiff's mental functioning.

To the extent the record, including Dr. Engelberg's opinion, shows impairment in Plaintiff's ability to follow complex directions, perform calculations, interact with others, concentrate, and/or sustain a schedule, the ALJ appropriately accounted for these limitations by restricting Plaintiff to unskilled work requiring only occasional interaction with others. *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Walters v. Saul*, No. CV 19-3232 (AYS), 2021 WL 4861521, at *11 (E.D.N.Y. Oct. 19, 2021); *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021).

Plaintiff argues that the ALJ should have further developed the record by: (1) asking Ms. Peguero to clarify the duration of her treating relationship with Plaintiff (she omitted this information from her medical source statement); (2) obtaining an updated consultative psychiatric evaluation;

13

and/or (3) seeking a functional assessment from Kathy Roberts, a psychiatric nurse practitioner treating Plaintiff at the time of the third administrative hearing.

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The Court disagrees with Plaintiff that the ALJ failed to develop the record. To the contrary the Court finds that the ALJ adequately developed the record regarding Plaintiff's mental impairments.

With respect to the duration of Plaintiff's treating relationship, the ALJ noted, in passing, that Ms. Peguero failed to state when she began treating Plaintiff, but nevertheless recognized her status as a treating provider. (T at 233).  There is no evidence that the ALJ discounted Ms. Peguero's assessment based on this omission.  Rather, the ALJ found the extreme limitations indicated by Ms. Peguero inconsistent with other evidence,

14

including Ms. Peguero's own treatment notes and the opinion provided by Dr. Engelberg. (T at 2306-2308).

The Court also finds no reversible error in the ALJ's decision not to obtain an updated consultative examination and/or additional treating source opinion regarding Plaintiff's mental functioning.

The ALJ's "obligation to assemble the claimant's medical records, although robust, 'is not unlimited.'" *Clarke v. Comm'r of Soc. Sec.*, No. 19-CV-7213 (BCM), 2021 WL 2481909, at *13 (S.D.N.Y. June 16, 2021)(quoting *Myers ex rel. C.N. v. Astrue*, 993 F. Supp. 2d 156, 163 (N.D.N.Y. 2012)).

"[A]n ALJ is not required to attempt to obtain additional evidence to fill *any* gap in the medical evidence; rather an ALJ is required to do so only where the facts of the particular case suggest that further development is necessary to evaluate the claimant's condition fairly." *Francisco v. Comm'r of Soc. Sec.*, No. 13CV1486 TPG DF, 2015 WL 5316353, at *11 (S.D.N.Y. Sept. 11, 2015)(emphasis in original); *see also Sampson v. Saul*, No. 19CIV6270PAESN, 2020 WL 6130568, at *6 (S.D.N.Y. Oct. 16, 2020).

Here, the record contains mental health treatment records, a detailed, relatively recent assessment from a treating mental health provider, and a consultative psychiatric evaluation. "Consultative examinations do not

have expiration dates," *Villalobo v. Saul*, No. 19CIV11560CSJCM, 2021 WL 830034, at *19 (S.D.N.Y. Feb. 9, 2021), and an additional examination is not warranted without evidence that the claimant's condition deteriorated during the period at issue. *See Rosa v. Comm'r of Soc. Sec.*, No. 17-CIV-3344-NSR-JCM, 2018 WL 5621778, at *10 (S.D.N.Y. Aug. 13, 2018).

Lastly, Plaintiff argues that the ALJ erred by failing to address her diagnosis of PTSD.  Notably, however, Plaintiff did not allege PTSD as a severe impairment when she applied for benefits (T at 452), the ALJ extensively considered the impact of Plaintiff's mental limitations on her ability to meet the demands of basic work activity (as discussed above), and there is no evidence that Plaintiff's PTSD causes additional impairment beyond what the ALJ considered.  As such, any arguable error in this aspect of the ALJ's analysis is harmless. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010)(finding remand not appropriate if the ALJ committed harmless error, *i.e.*, where "application of the correct legal principles to the record could lead only to the same conclusion")(alteration omitted)(citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

### 2. Physical Functioning

Dr. John Fkiaras performed a consultative examination in June of 2017.  He diagnosed right knee pain and hypertension. (T at 633).  Dr.

Fkiaras opined that Plaintiff had moderate to severe limitation with respect to repetitive squatting, kneeling, and crouching; mild to moderate limitation with respect to walking; and mild to moderate impairment as to standing for prolonged periods. (T at 634).

In June of 2017, Dr. S. Thomas, a non-examining State Agency review consultant, opined that Plaintiff did not have any severe physical impairments. (T at 336-37).

As noted above, the ALJ found that Plaintiff retained the RFC to perform a range of light work, as defined in 20 CFR § 404.1567 (b) and 416.967 (b). (T at 2302).  In reaching this conclusion, the ALJ found Dr. Thomas's opinion unpersuasive, concluding that Plaintiff did have severe physical impairments. (T at 2307).  The ALJ considered Dr. Fkiaras's opinion vague and deemed it "only partially persuasive." (T at 2307).

The Court finds that the ALJ did not adequately develop the record regarding Plaintiff's physical functioning.  Unlike the evidence regarding Plaintiff's mental impairments, the record does not contain an assessment of physical functioning from a treating provider.  This was significant because the ALJ did not find either of the medical opinions in the record fully persuasive. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of

17

the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified.").

In addition, unlike the record concerning Plaintiff's mental functioning (which remained relatively unchanged), the ALJ recognized that "the expanded record … [was] consistent with … additional severe impairments, including degenerative disc disease and obesity, both of which … warrant[ed] a reduction of exertion and postural limitation." (T at 2307).

Having recognized this fact, it was error for the ALJ to define the extent of those limitations based solely on his lay reading of the record and without the benefit of an updated consultative examination and/or treating provider's assessment. *See Amarante v. Commissioner of Social Security*, No. 16-CV-0717, 2017 WL 4326014 at *10 (S.D.N.Y. Sept. 8, 2017) (remanding where ALJ "improperly assume[d] the mantle of a medical expert"); *see also Bienvenido J.P. v. Commissioner of Social Security*, No. 20-CV-9270, 2022 WL 901612, at *5 n. 3 (S.D.N.Y. March 28, 2022) ("The ALJ remains a layperson and should not 'assume the mantle of a medical expert….'"); *Balotti v. Comm'r of Soc. Sec.*, No. 20-CV-8944 (RWL), 2022 WL 1963657, at *6 (S.D.N.Y. June 6, 2022).

18

Moreover, having recognized that the record established that Plaintiff's ability to meet the physical demands of basic work was significantly limited, it was error for the ALJ to conclude that Plaintiff could perform the prolonged standing and walking required for light work without a treating provider's opinion and/or updated consultative examination. *See Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir.2009) ("The full range of light work requires intermittently standing or walking for a total of approximately 6 hours of an 8–hour workday, with sitting occurring intermittently during the remaining time.").

Although some courts in this Circuit have found that moderate limitations are not *per se* inconsistent with the ability to perform light work, *see, e.g., Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018), ALJs must exercise caution when concluding that a claimant can meet the demanding physical requirements of light work, particularly where (as here), there is conflicting opinion evidence and the ALJ did not perform a function-by-function assessment. *See O'Connor v. Berryhill*, No. CV-164395-ADS-GRB, 2018 WL 6161350, at *12 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, 2018 WL 4853051 (E.D.N.Y. Sept. 28, 2018)(ALJ could not rely on undefined assessment of "mild to moderate" limitation to support

19

conclusion that claimant could perform light work); *see also Malone v. Comm'r of Soc. Sec.,* No. 08–CV–1249 GLS/VEB, 2011 WL 817448m, at *10 (N.D.N.Y. Jan.18, 2011) ("At a minimum, an assessment of moderate limitation suggests a possibility that prolonged standing might pose a problem."); *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014)("Dr. Balderman's report is not the clean bill of health that the ALJ suggests it is. Indeed, even Dr. Balderman, whose opinion received greater weight, found that Carroll suffered from moderate limitations in prolonged sitting and standing. This is not necessarily compatible with an ability to perform light work, as defined by the regulations.").

The Commissioner notes, correctly, that the ALJ discussed the state of the record with claimant's counsel during the third administrative hearing, and counsel did not reference the need for an updated consultative examination and/or treating source opinion. (T at 2323-28, 2348-49).

Some courts have found that an ALJ can rely on claimant's counsel to identify the need for further development of the evidence and seek to supplement the record.  However, this Court finds the present case distinguishable.

20

In *Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005), the panel affirmed the denial of benefits even though the ALJ did not contact or obtain records from the treating physician.  However, in addition to holding the record open to allow claimant's counsel to obtain the records, the ALJ in *Jordan* contacted counsel to follow-up on the status of his efforts and counsel responded that the claimant had "nothing further to add to the record." *Id.*

Likewise, in *Frye v. Astrue*, 485 Fed. App'x 484, 488 n.2 (2d Cir. 2012), the panel found the record "fully developed" where the ALJ held the record open "so that counsel could submit additional evidence, *contacted counsel when no further evidence was received*, and, at counsel's request, granted an extension of time to obtain evidence." *Id.* (emphasis added).

In the present case, unlike in *Jordan* and *Frye*, the ALJ did not take any independent steps to ensure the record was complete and cannot be said to have satisfied his duty to develop the record. *See Colucci v. Acting Comm'r of Soc. Sec.*, No. 19-cv-01412 (KAM), 2021 U.S. Dist. LEXIS 62081, at *17 (E.D.N.Y. Mar. 31, 2021)(distinguishing *Jordan* because "there is no evidence that the ALJ sent a reminder to plaintiff's attorney"); *Sotososa v. Colvin*, No. 15-CV-854 (FPG), 2016 U.S. Dist. LEXIS 152800, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016) ("The Second Circuit has

21

indicated that the ALJ may rely on the claimant's counsel to obtain missing evidence under some circumstances, but it has stopped short of holding that the ALJ may delegate his or her duty to the claimant's counsel. In *Jordan* and *Frye*, the Second Circuit determined that the ALJs satisfied their duty to develop the record because, even though the ALJs relied on counsel to obtain missing evidence, they also took independent steps to complete the record."); *see also Carr v. Comm'r of Soc. Sec.*, 16 Civ. 5877 (VSB) (JCF), 2017 U.S. Dist. LEXIS 72209, at *29-33 (S.D.N.Y. May 11, 2017).

The Court finds it frustrating that Plaintiff's counsel (apparently) failed to recognize this obvious gap in the record and did not advise the ALJ of the need to address it.  However, "remand is required whenever further development of the record is necessary, even where (as here) the underdevelopment of the record is attributable, in part, to inaction by the claimant's counsel." *Martinez v. Saul*, No. 3:19-cv-01017-TOF, 2020 U.S. Dist. LEXIS 205069, at *38 (D. Conn. Nov. 3, 2020)(quoting *Vincent v. Astrue*, No. 08-CV-0956 (VEB), 2010 U.S. Dist. LEXIS 146213, at *21 (N.D.N.Y. Mar. 30, 2010)).

*B.     Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court recognizes that Plaintiff applied for benefits more than nine (9) years ago, the matter was already remanded twice, and Plaintiff has appeared for three hearings before two ALJs.

However, "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir.1996); *see also Gross v. McMahon*, 473 F. Supp. 2d 384, 386 (W.D.N.Y. 2007); *Batista v. Comm'r of Soc. Sec.*, No. 3:19 CV 1660 (RMS), 2020 WL 6709096, at *5 (D. Conn. Nov. 16, 2020).

Moreover, "[r]emanding 'solely for the calculation of benefits is an extraordinary action and is proper only when further development of the

record would serve no purpose.'" *Lynch v. O'Malley*, No. 22-CIV-5620-(CS)(AEK), 2024 WL 728483, at *7 (S.D.N.Y. Feb. 21, 2024)(quoting *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 279 (S.D.N.Y. 2006)).

In a case where there is conflicting medical evidence, a remand for calculation of benefits is not appropriate, notwithstanding the appropriate frustration of the claimant (or, indeed, the court) with undue delay and/or repeated failures to follow applicable law and regulations. *See Newell v. Saul,* No. 19-cv-10831 (JLC), 2021 WL 608991, at *23 (S.D.N.Y. Feb. 7, 2021); *Lloyd v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 472, 481 (W.D.N.Y. 2018).

Nonetheless, the Court finds that this is the rare case in which assignment to a different ALJ on remand should be directed. "[A] fresh look by another ALJ would be beneficial," given that this particular ALJ has already undertaken two unsuccessful attempts to properly develop the record and consider the evidence. *Collado v. Astrue*, No. 05-CV-3337 KMK/LMS, 2009 WL 2778664, at *3 (S.D.N.Y. Aug. 31, 2009)(citations omitted); *see also McClaney v. Astrue*, No. 10-CV-5421 JG JO, 2012 WL 3777413, at *20 (E.D.N.Y. Aug. 10, 2012)(collecting cases).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 19) is GRANTED, and this case is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: June 10, 2026                        s / Gary R. Jones
                                            GARY R. JONES
                                            United States Magistrate Judge

25